# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHRYL MARTIN, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. |
| v. | ) | |
| | ) | |
| | ) | |
| LIFE INSURANCE COMPANY OF | ) | |
| NORTH AMERICA (d/b/a CIGNA), | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff Shryl Martin, through counsel, makes the following averments against the Life Insurance Company of North America (d/b/a CIGNA):

### PARTIES AND VENUE

1.      Shryl Martin is an adult citizen of Pennsylvania who resides at 1212 Brownfield Road, Uniontown, PA 15401.

2.      Life Insurance Company of North America ("LINA"), which does business under the fictitious name Cigna, is a Connecticut insurance company licensed to do business in Pennsylvania with its principal place of business located at 900 Cottage Grove Road, Bloomfield CT 06002.

### Count 1 - ERISA § 502(a)(1)(B), 503

3.      Prior to October 27, 2012, Plaintiff was employed with Aldi, Inc. as a cashier.

4.      As part of her employment benefits with Aldi, Inc., plaintiff was provided a short-term and long-term disability policy through LINA (d/b/a Cigna).

5.      Plaintiff became disabled on or around October 27, 2012.

6.      LINA (d/b/a Cigna) determined Plaintiff was disabled under the terms of its short-term disability policy on or around November 29, 2012.

7.      LINA (d/b/a Cigna) thereafter continued to renew Plaintiff's short-term disability benefits until or around March 19, 2013. At this time LINA (d/b/a Cigna) informed plaintiff that they were evaluating her claim for long-term disability benefits.

8.      LINA (d/b/a Cigna) approved Plaintiff for long-term disability benefits on May 2, 2013.

9.      Prior to May 20, 2015, LINA (d/b/a Cigna) informed Plaintiff that she was no longer eligible for long-term disability benefits. Plaintiff appealed the decision, which LINA denied on or around May 20, 2015.

10.     LINA (d/b/a Cigna) determined Plaintiff was capable of employment in spite of Plaintiff providing LINA with medical evidence that she was not capable of the same.

11.     Plaintiff is not capable of employment and remains eligible for long-term disability benefits per the terms of LINA's policy.

12.     LINA's denial of her claim was arbitrary and capricious.

13.     LINA's administrators further failed to fully and fairly review Plaintiff's claim for benefits, and provided her with a written denial that was unclear and deficient.

14.     Plaintiff exhausted all of her administrative requirements under the plan, including its appeal process.

15.     In denying Plaintiff's claim for benefits, LINA's adminstrators failed to comply with the plan's procedural requirements and acted in bad faith toward Plaintiff.

16.     Wherefore, Plaintiff requests an award of damages as permitted by law, interest, court costs  as well as an award of attorneys' fees.

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____/s/ David M. Kobylinski_____
David M. Kobylinski, Esquire
Peter T. Kobylinski, Esquire
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated: March 2, 2018